UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KAREEM ABDUL JOHNSON #207505          CIVIL ACTION NO. 22-cv-5713

VERSUS                                JUDGE TERRY A. DOUGHTY

STEVE PRATOR                          MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Kareem Abdul Johnson ("Plaintiff"), a self-represented inmate, filed this civil rights action—one of 24 civil actions he has filed in this court in the last several months— against Sheriff Steve Prator and other officials at the Caddo Correctional Center ("CCC"). Plaintiff seeks injunctive and declaratory relief in connection with the practice of his Muslim faith and related dietary requirements. Because Plaintiff has been transferred to another facility, and for the reasons that follow, it is recommended that his complaint be dismissed as moot.

Plaintiff's original complaint (Doc. 1) complained that CCC did not provide Plaintiff an adequate opportunity to practice his Muslim faith and that CCC did not provide a vegetarian or other alternative diet plan that lacked pork products. The court ordered Plaintiff to file his complaint on an approved form. He did so (Doc. 5), and he made similar allegations. He later filed an amended complaint (Doc. 8) that repeated the central allegations and described several alleged communications between Plaintiff and CCC officials about his concerns. Notably, Plaintiff reported that he was told by defendant Melissa Merritt that he could fill out a medical sick call form for a referral to the dietician

to change his diet, and defendants Ardis Hicks and Kimberly Tyler told Plaintiff that CCC does not serve pork of any kind. Rather, all sandwich meats and sausages are turkey based.

Defendants were served with the complaint, and four of them have filed a Motion to Dismiss (Doc. 27) on the grounds that the amended complaint fails to state a claim on which relief may be granted. One defendant, Chaplain Patin-Hammond, appears to have been served but did not join in the motion. A notice of the motion was mailed to Plaintiff at his last reported address, the Franklin Parish Detention Center, but the mail was recently returned with a notation that it was undeliverable as addressed. Plaintiff has not filed any timely response to the motion to dismiss, nor has he updated his address in writing as required by Local Rules 11.1 & 41.3 and a court order. Doc. 14, pg. 4.

Each of the three complaints filed by Plaintiff seeks declaratory and injunctive relief. It is the final amended complaint that governs because "an amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985). The Fifth Circuit has applied the rule to pro se complaints. McDonald v. McClelland, 779 Fed. Appx. 222, 225 (5th Cir. 2019).

The complaint form asked Plaintiff to state exactly what he wants the court to provide or do for him. Plaintiff asked that the court order Sheriff Prator to (1) provide a full time paid Muslim spiritual leader at CCC, (2) host an Islamic revival at CCC, (3) provide halal meals for the Islamic feast of Eid-al Adha, (4) stop denying Muslims a halal diet at CCC, and (5) spend state-appropriated money on religious needs.

Plaintiff was an inmate at CCC when he filed this action in October 2022. Later, in February 2023, he notified the court of a change of address to a residence in Bossier City. Doc. 13. He soon changed his address to a post office box in Bossier City. Doc. 16. By May 2023, Plaintiff reported that he was back in custody at CCC. Doc. 18. Most recently, in June 2023, Plaintiff notified the court that he had been transferred to the Franklin Parish Detention Center in Winnsboro, Louisiana. Doc. 23. CCC's online list of current inmates contains no indication that Plaintiff has been returned to that facility. It is unknown whether Plaintiff has been released from custody or is incarcerated at another institution, but there is no indication that he is currently at CCC.

Plaintiff seeks only declaratory and injunctive relief. A prisoner's transfer to another facility "render[s] his claims for declaratory and injunctive relief moot." Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (claims for injunctive and declaratory relief based on exposure to asbestos were mooted by transfer to another prison). See also Coleman v. Lincoln Par. Det. Ctr., 858 F.3d 307, 309 (5th Cir. 2017) (facility transfer mooted declaratory and injunctive claims under the RLUIPA); Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000) (claim for injunctive relief regarding prison policies and procedures was moot after defendant transferred to different facility); and Cooper v. Sheriff, Lubbock County, 929 F.2d 1078, 1084 (5th Cir. 1991) (claims for injunctive relief based on denial of food at prior jail were moot). Any suggestion of injunctive relief based on the possibility that Plaintiff might someday be transferred back to CCC "is too speculative to warrant relief." Herman, 238 F.3d at 665.

All of Plaintiff's claims are moot.  The proper remedy in these circumstances, which result in a lack of subject matter jurisdiction, is to dismiss the complaint without prejudice.  Salcido v. Wilson, 2022 WL 1564188 (5th Cir. 2022).  There is no need to address the arguments presented in the defendants' motion to dismiss.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice on the grounds that all claims for relief were rendered moot when Plaintiff was no longer housed at CCC.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of August, 2023.

_____
Mark L. Hornsby
U.S. Magistrate Judge